# EXHIBIT A

**Service of Process Transmittal**
05/29/2013
CT Log Number 522820223

**TO:** Linda Young
Emigrant Savings Bank
5 East 42nd St., 28th Floor
New York, NY 10017

**RE:** **Process Served in Massachusetts**

**FOR:** Retained Realty, Inc. (Domestic State: NY)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Martin and Doneyn Bourke, Pltfs. vs. Retained Realty, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Statement, Cover Sheet(s), Letter |
| **COURT/AGENCY:** | Nantucket County Superior Court, Nantucket County, MA
Case # 1213NACV0021 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Mortgage - Defendant may claim an interest |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/29/2013 at 12:41 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jamie Ranney
Jamie Ranney, PC
4 Thirty Acres Lane
Nantucket, MA 02554
508.228.9224 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 799887913746
Image SOP
Email Notification, Linda Young youngl@emigrant.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dahrlena Mitchell |
| **ADDRESS:** | 155 Federal Street
Suite 700
Boston, MA 02110 |
| **TELEPHONE:** | 617-757-6404 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss.                                                                              SUPERIOR COURT
(seal)                                                                                              CIVIL ACTION
                                                                                                    No.   13-21

................Martin & Daneyn Bourke................................ , Plaintiff(s)

v.

................Retained Realty, Inc., et al................................ , Defendant(s)

## SUMMONS

To the aboved-named Defendant:    Retained Realty, Inc.

You are hereby summoned and required to serve upon...Jamie Ranney, Esquire..............., plaintiff's attorney, whose address is...4 Thirty Acres Lane Nantucket, MA. 02554................, an answer to the complaint which is herewith served upon you, within 20 days after service, of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Nantucket, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,...**Barbara J. Rouse**..................Esquire, at Nantucket, the...21st...

day of...May..............., in the year of our Lord.................2013.................

A True Copy Attest:

_Robert R. Reardon_
Constable
CAPS

_Mary Elizabeth Adam_
Clerk

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption - if a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. To Plaintiff's Attorney: please circle type of action involved (1) Tort - (2) Motor Vehicle Tort - (3) Contract - (4) Equitable Relief - (5) Other.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on........................................, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____

N.B. TO PROCESS SERVER:

 PLEASE PLACE *DATE* YOU MAKE SERVICE ON DEFENDANT IN THIS BOX *ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.*

> 5/28/13

COMMONWEALTH OF MASSACHUSETTS
NANTUCKET, ss. SUPERIOR COURT
 CIVIL ACTION

No. ............................

............................ Plff.

v.

............................ Deft.

SUMMONS

(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

NANTUCKET, SS                                     Superior Court Dept.
                                                  2013NACV -0021

| | |
|---|---|
| Martin and Doneyn Bourke ) | |
|     Plaintiffs ) | |
| v. ) | |
| Retained Realty, Inc., Stephen P. ) | |
| Hayes, Hayes & Hayes, Attorneys ) | |
| At Law, PC, ) | |
|     Defendants ) | |
| ) | |



## COMPLAINT

NOW COMES the Plaintiffs, Martin and Doneyn Bourke (collectively the "Bourkes") in the above-entitled action and pursuant to Mass. R. Civ. P. brings their complaint against Retained Realty, Inc., Stephen P. Hayes and the law firm of Hayes & Hayes, Attorneys at Law, PC (individually "Retained", "Attorney Hayes"; "Hayes & Hayes", or collectively "Defendants" as the case may be). In support thereof, the Bourkes further state as follows:

I.      FACTS

1.) The Bourkes are natural persons with a residential address of 6 Arkansas Avenue, Nantucket, MA 02554.

2.) Stephen P. Hayes is a natural person with a business address of 23 East Main Street, West Yarmouth, MA 02673.

3.) Hayes & Hayes, Attorneys at Law, PC is a professional corporation organized under the laws of the Commonwealth of Massachusetts with a business address of 23 East Main Street, West Yarmouth, MA 02673.

4.) Hayes is a shareholder of Hayes & Hayes.

1

5.) Retained Realty, Inc., is a foreign corporation organized under the laws of the State of New York with a business address of 5 E. 42nd Street, NY, NY 10017 and a resident agent for service of process of CT Corporation System, 155 Federal Street; Suite 700, Boston, MA 02110.

6.) The Bourkes, as borrowers under a residential loan, are "consumers" as that term is defined by G.L. c. 93A ("Chapter 93A").

7.) By letter dated February 21, 2013, Attorney Hayes and Hayes & Hayes sent a letter to the Bourkes on behalf of Retained.

8.) The February 21, 2013 letter, entitled "Notice to Vacate" (hereinafter the "Notice to Vacate" or "NTV" as the case may be), stated, among other things, that the Bourkes property had been foreclosed on in March 2011, that Retained had purchased the property at the purported foreclosure sale and that the Bourke's were required to vacate the premises.

9.) The Bourkes deny that their home was lawfully foreclosed on in March 2011 or at any time.

10.) The Bourkes' rescinded their loan under applicable law in January 2011 and notified all counsel related to the foreclosure process of such rescission.

11.) The NTV sent by Attorney Hayes and Hayes & Hayes stated that the Bourke's were liable for "use and occupation" payments of $100.00 commencing on April 1, 2011.

12.) Between the purported foreclosure sale in March 2013 and the date of the NTV, almost two (2) years later, no demand was ever made by Retained to the Bourkes for moneys due for "use and occupation" charges.

2

13.) With respect to the demand for an alleged debt due for "use and occupancy" in the NTV, Attorney Hayes and Hayes & Hayes acted/are acting as "debt collectors" as that term is defined under the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. 1692, *et seq.*, the Massachusetts Fair Debt Collection Practices Act ("MFDCPA") at G.L. c. 93. s. 49 and the MA Attorney General's regulations at 940 CMR 7.00, *et seq.*

14.) Retained, as the entity that purportedly owns the Bourkes home and who seeks to collect an alleged debt due for purported "use and occupation" payment(s) from the Bourkes, is considered a "creditor" as that term is defined by 940 CMR 7.00, *et seq.*

15.) The $100.00 per day "use and occupation" charge is/was an attempt to collect a purported "debt" as that term is defined by 940 CMR 7.00.

16.) The amount(s) claimed by Retained for "use and occupation" purportedly relate(s)/related to moneys claimed to be due to Retained from the Bourkes after a purported non-judicial foreclosure of a loan on the Bourkes' real property.

17.) The $100.00 per day "use and occupation" payment amount asserted to be due to Retained is/was not an amount based in fact or in law.

18.) The $100.00 per day "use and occupation" payment amount asserted to be due to Retained is/was not an amount shown to be due from the Bourkes.

19.) Attorney Hayes did no investigation of the daily "use and occupation" value of the Bourkes' property before making his demand on the Bourkes for the $100.00 per day "use and occupation" charge.

20.) Attorney Hayes did no investigation of the daily "use and occupation" value of the Bourkes' property before stating unequivocally that the Bourkes "are liable" for a $100.00 per day "use and occupation" charge.

3

21.) Hayes & Hayes did no investigation of the daily "use and occupation" value before making demand on the Bourkes for the $100.00 per day "use and occupation" charge.

22.) Hayes & Hayes did no investigation of the daily "use and occupation" value before stating unequivocally that the Bourkes are "liable" for a $100.00 per day "use and occupation" charge.

23.) Retained did no investigation of the daily "use and occupation" value before making demand on the Bourkes for for the $100.00 per day "use and occupation" charge.

24.) Retained did no investigation of the daily "use and occupation" value before stating unequivocally that the Bourkes "are liable" for a $100.00 per day "use and occupancy" charge.

25.) Prior to sending the NTV to the Bourkes, Attorney Hayes never spoke to anyone at Retained about the $100.00 per day "use and occupancy" charge he asserted the Bourkes were "liable" for.

26.) Prior to sending the NTV to the Bourkes, Attorney Hayes never spoke to any real estate professional about the $100.00 per day "use and occupation" charge he asserted the Bourkes were "liable" for.

27.) Prior to sending the NTV to the Bourkes, Attorney Hayes never spoke to anyone about the $100.00 per day "use and occupancy" charge he asserted the Bourkes were "liable" for.

28.) The $100.00 per day "use and occupancy" payment amount was created designed and demanded —without any basis in law or fact – and then published and served on the Bourkes by Attorney Hayes in order to harass, frustrate and intimidate the Bourkes and to

improperly coerce and put financial and other pressure on them to get them to leave the premises before judicial process was commenced.

29.) As an agent for Retained and acting on their behalf, Retained is/are liable for the acts of Attorney Hayes and Hayes & Hayes.

30.) The creation, assertion, demand, publication and serving on the Bourkes of a made-up $100.00 per day "use and occupation" charge - when such an amount had no basis in law or fact, was never demanded between March 2011 and February 2013, was never investigated, was untimely, was unsupported by any reasonable knowledge and was not a debt yet due or could yet be due - is/was an unfair and deceptive act or practice as defined by Chapter 93A.

31.) The creation, assertion, demand, publishing and serving on the Bourkes of a made-up $100.00 per day "use and occupancy" charge in the NTV - when such an amount had no basis in law of fact and was not a debt yet due or could yet be due – violates/violated the FDCPA, MFDCPA and/or 940 CMR 7.00 in at least the following ways:

   a.) As communicated in the March 3, 2013 Chapter 93A demand letter detailed below;

   b.) By attempting to collect a debt not yet due and which could not be stated or collected in violation of 940 CMR 7.04(1)(b)(3);

   c.) The NTV fails to contain include language required by 940 CMR 7.04(1)(i);

   d.) Failing to re-send required notice(s) every six (6) months as required by 940 CMR 7.04(1)(i);

   e.) The NTV – in demanding a debt not yet due – violates/violated the FDCPA, MFDCPA and/or 940 CMR 7.07(2), (8), (16);

   f.) The letter fails to identify office hours as required by 940 CMR 7.07(22);

5

g.) The letter is an attempt to confirm a purported "use and occupation" amount due when Defendants knew or should have known that such an amount could only be set by court order, thus violating 940 CMR 7.07(24);

h.) Acting in an unfair and deceptive manner by making claim – more than two (2) years after an illegal foreclosure sale (because the subject loan had been lawfully rescinded) – for an alleged debt where such amount(s) were never lawfully due as described herein;

i.) As otherwise may be shown at any trial on this matter.

32.) All of the violations of the FDCPA, MFDCPA and/or 940 CMR 7.00 as stated herein or as otherwise may be shown after discovery and/or before or after any trial are unfair and deceptive act(s) and practice(s) as defined by Chapter 93A.

33.) By letter dated March 3, 2013, the Bourkes – by and through counsel – made demand for debt validation pursuant to the FDCPA, MFDCPA and 940 CMR 7.00.

34.) In their letter dated March 3, 2013, the Bourkes also accused Attorney Hayes and Hayes & Hayes of unfair and deceptive acts and practices – identifying the March 3, 2013 letter as a "demand" letter pursuant to Chapter 93A - related to the FDCPA, MFDCPA and 940 CMR 7.00.

35.) Neither Attorney Hayes nor Hayes & Hayes ever responded to the debt validation request nor provided any debt validation to the Bourkes.

36.) Neither Attorney Hayes nor Hayes & Hayes ever responded to the Chapter 93A demand letter.

37.) A failure to properly respond to a debt validation request under the FDCPA, MFDCPA and 940 CMR 7.00 represents an unfair and deceptive act or practice under Chapter 93A.

38.) A failure to properly respond to a G.L. c. 93A letter represents an unfair and deceptive act or practice under Chapter 93A.

39.) On or about March 25, 2013, Attorney Hayes and Hayes & Hayes filed a summary process eviction action on behalf of Retained in Nantucket District Court in Docket No. 1288-SU-0017.

40.) Attorney Hayes signed the summary process complaint that was filed with the Court.

41.) In the summary process complaint, Defendants made demand for "$69,000 use and occupancy" [sic] and stated that an account was "attached".

42.) The "account attached" stated that "Use and occupancy based on fari rental value of $3,000.00 per month ($100.00 per day), for period from April 1, 2011 through February 28, 2013. TOTAL: $69,000".

43.) From April 1, 2011 to February 28, 2013 is 685 days.

## COUNT ONE
### (FDCPA, MFDCPA; 940 CMR 7.00)

44.) The Bourkes repeat and re-allege the allegations in the foregoing numbered paragraphs as more fully set forth herein.

45.) Attorney Hayes and Hayes & Hayes are "debt collectors" or "creditors" as those term is defined under the FDCPA, MFDCPA and 940 CMR 7.00 as the case may be.

46.) Retained is/are a "creditor" as that term is defined under the FDCPA, MFDCPA and 940 CMR 7.00.

47.) Defendants are subject to the provisions of the FDCPA, MFDCPA and 940 CMR 7.00.

48.) The Bourkes are entitled to the protections of the FDCPA, MFDCPA and 940 CMR 7.00.

49.) Attorney Hayes and Hayes & Hayes, by and through the NTV served on the Bourkes in February 2013 and the summary process complaint filed in March 2013 – all filed on behalf of Retained - seek to collect a "debt" from the Bourkes as that term is defined under the FDCPA, MFDCPA and/or 940 CMR 7.00.

50.) Defendants have violated the FDCPA, analogous provisions of the MFDCPA as well as the provisions of 940 CMR 7.00 all as stated in this Complaint and as may be further shown after discovery and/or before or after trial.

51.) As a result of Defendants' actions, the Bourkes have suffered actual damages including but not limited to lost time from work, meetings with counsel, gas to drive to and from counsel's office, attorney's fees, postage, mailing and copying costs and other expenses.

52.) As a result of Defendants' actions, the Bourkes have also suffered actual damages in the form of severe emotional distress.

53.) The emotional distress suffered by the Bourkes in this matter includes but is not limited to sleeplessness, anger, frustration, anxiety, shock, disbelief, confusion embarrassment, exhaustion, hopelessness and, although not required, other objective matters evidenced by physical symptomology all as may further be shown after discovery and/or before or after trial.

54.) As a result of Defendants' actions, and in addition to their actual damages, the Bourkes have suffered statutory damages in an amount to be determined before or after trial for the violations of the FDCPA, MFDCPA and 940 CMR 7.00.

55.) The Bourkes also seek treble damages as well as their attorney's fees, costs and expenses.

## COUNT TWO
### (G.L. c. 93A, s. 2 and 9)

56.) The Bourkes repeat and re-allege the allegations in the foregoing numbered paragraphs as more fully set forth herein.

57.) The Bourkes sent a Chapter 93A demand letter to Defendants on or about March 3, 2013 alleging the commission of various unfair and deceptive act(s) and practice(s) under Chapter 93A.

58.) No Defendant ever responded to the Chapter 93A demand letter.

59.) Defendants' have violated the FDCPA, MFDCPA and/or 940 CMR 7.00 as alleged in this Complaint and/or as may further be determined after discovery and/or before or after trial.

60.) Irrespective and/or in addition to the claim(s) within the Chapter 93A demand letter, Defendants' violation(s) of the FDCPA represent violation(s) of Chapter 93A.

61.) Irrespective and/or in addition to the claim(s) within the Chapter 93A demand letter, Defendants' violation(s) of the MFDCPA represent violation(s) of Chapter 93A.

62.) Irrespective and/or in addition to the claim(s) within the Chapter 93A demand letter, Attorney Hayes and Hayes & Hayes' violation(s) of the Attorney General's regulations at 940 CMR 7.00 (7.07) represent violation(s) Chapter 93A.

63.) Irrespective and/or in addition to the claim(s) within the Chapter 93A demand letter, Defendants' violation(s) of the Attorney General's regulations at 940 CMR 7.00 represent violation(s) of Chapter 93A.

64.) As a result of Defendants' actions, the Bourkes have suffered actual damages including but not limited to lost time from work, meetings with counsel, the expense of

gas driving to and from counsel's office, and incurred attorney's fees, postage, mailing, copying costs and other expenses.

65.) As a result of Defendants' actions, the Bourkes have also suffered actual damages in the form of severe emotional distress as a result of conduct and action(s) of Attorney Hayes and Hayes & Hayes in pursuing debt(s) that are not legally due from the Bourkes as may be shown after discovery and before or after trial.

66.) The emotional distress suffered by the Bourkes in this matter includes but is not limited to sleeplessness, anger, frustration, anxiety, shock, disbelief, confusion embarrassment, exhaustion, hopelessness and, although not required, other objective matters evidenced by physical symptomology all as may further be shown after discovery and/or before or after trial.

67.) As a result of Defendants' actions, and in addition to their actual damages, the Bourkes have suffered statutory damages for the violations of Chapter 93A in an amount to be determined after discovery and/or before or after trial.

68.) The Bourkes also seek their attorney's fees, costs and expenses.

69.) Defendants' actions as described in this complaint were willful and knowing and thus any damages found in the Bourkes' favor are demanded to be trebled under Chapter 93A.

## THE BOURKES RESERVES THE RIGHT TO AMEND THIS COMPLAINT AS INFORMATION BECOMES AVAILABLE

## THE BOURKES CLAIM A RIGHT TO JURY TRIAL ON ALL COUNTS SO TRIABLE

WHEREFORE the Bourkes pray this Honorable Court award them judgment on Counts One and Two of their Complaint, plus treble damages, attorney's fees and costs while awarding any such other and further relief as the Court deems meet and just.

DATED:   May 21, 2013
         Nantucket, MA

Martin and Doneyn Bourke
By their Attorney,

_____
Jamie Ranney, Esq.
BBO#643379
Jamie Ranney, PC
4 Thirty Acres Lane
Nantucket, MA 02554
508-228-9224 (tel.)
508-815-1318 (efax)
jamie@nantucketlaw.pro

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

NANTUCKET, SS  Superior Court Dept.
2013NACV -00 2 1

Martin and Doneyn Bourke )
    Plaintiffs )
v. )
Retained Realty, Inc., Stephen P. )
Hayes, Hayes & Hayes, Attorneys )
At Law, PC, )
    Defendants )
)



## STATEMENT OF DAMAGES

Plaintiffs bring their complaint in two (2) counts for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. 1692, *et seq.*, and/or its Massachusetts analog, the Massachusetts Fair Debt Collection Practices Act ("MFDCPA") at G.L. c. 93. s. 49 as well as the MA Attorney General's regulations at 940 CMR 7.00, *et seq.*, and G.L. c. 93A all as detailed in Plaintiffs' complaint. The Plaintiffs seek statutory and actual damages, treble damages and their attorney's fees and costs. Plaintiffs seek damages in the amount of $30,000.00 or in an amount to be determined before or after trial.

## PLAINTIFFS RESERVE THE RIGHT TO AMEND THIS STATEMENT OF DAMAGES

1

DATED:   May 21, 2013
         Nantucket, MA


Plaintiffs
Martin and Doneyn Bourke
By their Attorney,

_____
Jamie Ranney, Esq.
BBO#643379
Jamie Ranney, PC
4 Thirty Acres Lane
Nantucket, MA 02554
508-228-9224 (tel.)
508-815-1318 (efax)
jamie@nantucketlaw.pro

2

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF NANTUCKET | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) MARTIN + DONCIN BOURKE | DEFENDANT(S) STEPHEN P. HAYES, HAYES + HAYES, ATTORNEYS AT LAW, PC RETAINED REALTY, INC. | |
| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) | |
| JAMIE RANNEY, JAMIE RANNEY PC 4 THIRTY ACRES LANE NANTUCKET, MA 02554 508.228.9224  BBO# 643379 | | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | | | ☒ Yes  ☐ No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                                       $_____
   2. Total doctor expenses                                                         $_____
   3. Total chiropractic expenses                                                   $_____
   4. Total physical therapy expenses                                               $_____
   5. Total other expenses (describe)                                  Subtotal     $_____
B. Documented lost wages and compensation to date                                   $_____
C. Documented property damages to date                                              $_____
D. Reasonably anticipated future medical expenses                                   $_____
E. Reasonably anticipated lost wages and compensation to date                       $_____
F. Other documented items of damages (describe)                                     $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                    Total $_____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

FDCPA, MFDCPA, 93A VIOLATIONS                                        $30,000.00
See attached statement of damages                            TOTAL   $_____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT _____

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     Date: 5/21/13

A.O.S.C. 3-2007





4 THIRTY ACRES LANE
NANTUCKET, MA 02554
508.228.9224 (PHONE)/ 508.815-1318 (EFAX)
JAMIE@NANTUCKETLAW.PRO

May 21, 2013

**VIA HAND DELIVERY**
Mary E. Adams, Clerk
Nantucket Superior Court
16 Broad Street
Nantucket, MA 02554

RE:   Martin and Doneyn Bourke v. Stephen P. Hayes, et al
      Nantucket Superior Court Docket No. 2013NACV-0021

Dear Ms. Adams:

With regard to the above-entitled action, enclosed please find:

1.) Civil Action Cover Sheet;
2.) Original Complaint;
3.) Statement of Damages;
4.) Mass. R. Civ. P. Rule 4(c) Motion for Appointment of Process Server;
5.) Check for $310.00 for filing fee ($295.00) and three (3) original summonses ($15.00).

Please record and file.

Sincerely,

Jamie Ranney, Esq.
Attorney for Bourke
JTR:dat
cc:   clients; file;

1