# EXHIBIT A

# HAYES & HAYES
## ATTORNEYS-AT-LAW, P.C.
### 23 EAST MAIN STREET
### WEST YARMOUTH, MASSACHUSETTS 02673
Est. 1952

MICHAEL J. HAYES
JANE SMYTH SUTTON
STEPHEN P. HAYES
CHANTAL K. HAYES

TELEPHONE (508) 775-0080
TELEFAX (508) 775-0693

Writer's email:  steve@hayesandhayes.com

HAROLD L. HAYES, JR. (1952-2007)

March 6, 2013

**BY FAX (508) 228-4752 AND REGULAR MAIL**

Jamie Ranney, Esq.
4 Thirty Acres Lane
Nantucket, MA 02554

RE:   Retained Realty, Inc. v. Bourke and Hayward

Dear Attorney Ranney:

Enclosed please find Summary Process Summons and Complaint. I have forwarded the original of same to the Nantucket Sheriff for service upon Ms. Bourke and Mr. Hayward. This copy is being sent to you as requested in your letter of March 3, 2013.

Sincerely,

Stephen P. Hayes

Commonwealth of Massachusetts

## SUMMARY PROCESS (EVICTION) SUMMONS AND COMPLAINT

District Court _____ Department

Nantucket _____ Division

Nantucket _____ ss.

☒ Residential
☐ Commercial

Docket No._____
(To be added by clerk's office )

Entry Date:___ March 18, 2013

### NOTICE OF A COURT CASE TO EVICT YOU - PLEASE READ IT CAREFULLY
### ESTA ES UNA NOTIFICACION DE UN CASO EN CORTE PARA DESALOJARLE - FAVOR DE LEER EL MISMO CON CUIDADO

TO DEFENDANT(S)/~~TENANT(S)~~/OCCUPANT(S): Doneyn Bourke and William Hayward, Sr.

ADDRESS: 6 Arkansas Avenue _____ CITY/TOWN: _Nantucket _____ ZIP: 02554

You are hereby summonsed to appear at a hearing before a Judge of the Court at the time and place listed below:

DAY: Monday _____ DATE: April 1, 2013 _____ TIME: 9:00 _____ COURT NAME: Nantucket District

COURT ADDRESS: 32 Broad Street, Nantucket _____ ROOM: Second Floor Courtroom

to defend against the complaint of PLAINTIFF/LANDLORD/OWNER: Retained Realty, Inc., a New York Corporation _____ of

STREET 5 E. 42nd St. _____ CITY/TOWN: New York, NY _____ ZIP: 02110

that you occupy the premises at 6 Arkansas Avenue, Nantucket _____

being within the judicial district of this court, unlawfully and against the right of said Plaintiff/Landlord/Owner

because: the mortgage given by you to Emigrant Mortgage Company, Inc. was foreclosed on and you have failed to vacate said property after receiving notice to do so

and further, that $ 69,000 _____ ~~rent~~ use and occupancy is owed according to the following account:

WITNESS:

JOSEPH I MACY

First or Chief Justice

Stephen P. Hayes, Esq.
Printed Name of Plaintiff or Attorney

_[signature]_
Signature of Plaintiff or Attorney

March 6, 2013
Date of Signature of Plaintiff or Attorney

ACCOUNT ANNEXED (itemize)

Attached _____
_____
_____

23 E. Main St., West Yarmouth, MA 02673
Address of Plaintiff or Attorney

(508) 775-0080
Telephone Number of Plaintiff or Attorney

---

**NOTICE TO EACH DEFENDANT/TENANT/OCCUPANT:** At the hearing on _April 1, 2013_ you (or your attorney) must appear in person to present your defense. You (or your attorney) must also file a written answer to this complaint. An answer is your response stating the reason(s) why you should not be evicted and may, in residential cases, include any claims you have against the Landlord. (An Answer Form is available in the clerk's office whose telephone number is _(508) 228-0460_.) You must file (deliver or mail) the answer with the court clerk and serve (deliver or mail) a copy on the landlord (or landlord's attorney) at the address shown above. The Answer must be received by the court clerk and received by the landlord (or the landlord's attorney) no later than Monday, _March 25, 2013_, which is the first Monday after the "entry date" listed above. The entry date is the day by which your landlord must file this complaint with the court clerk.

Page 1 of 2 Pages

**NOTICE TO EACH DEFENDANT/TENANT/OCCUPANT: IF YOU DO NOT FILE AND SERVE AN ANSWER, OR IF YOU DO NOT DEFEND AT THE TIME OF THE HEARING, JUDGMENT MAY BE ENTERED AGAINST YOU FOR POSSESSION AND THE RENT AS REQUESTED IN THE COMPLAINT.**

SI USTED NO REGISTRA O NOTIFICA UNA CONTESTA, O SI USTED NO PRESENTA UNA DEFENSA A LA HORA DE LA AUDIENCIA, UNA SENTENCIA PUEDE SER REGISTRADA EN SU CONTRA PARA POSECCION Y POR LA RENTA REQUERIDA EN EL RECLAMO.

To the Sheriffs of our several counties, or their Deputies, or any Constable of any City or Town within said Commonwealth, GREETINGS: We command you to summon the within named defendant(s)/ tenant(s)/occupant(s) to appear as herein ordered.

_____
Clerk-Magistrate

### Officer's Return

_____, ss      City/Town:_____      Date:_____

By virtue of this Writ, I this day served the within-named tenant or occupant, and summonsed him/her as herein

directed, by giving in hand to_____

or leaving it at _____the last and usual place of abode.

A copy of this summons was mailed first class to each tenant/occupant at the address on:_____.

Fees for Service:

| | | |
|---|---|---|
| Service | $_____ | |
| Copy/Attest | _____ | |
| Travel | _____ | |
| Use of Car | _____ | |
| Mailing | _____ | |

_____
Signature of Officer

_____
Printed Name of Officer

_____
Address of Officer

TOTAL   $ _____

_____
Telephone Number of Officer

**NOTICE TO PLAINTIFF/LANDLORD/OWNER:** Have the Officer complete and return above. Service must be made on the defendant(s) no later than the seventh day and not earlier than the thirtieth day before the Monday entry date. This form must be filed in court no later than the close of business on the scheduled Monday entry date. In appropriate cases, proper evidence of notice to quit must be provided to this court upon the filing of this complaint. See Uniform Summary Process Rule 2(d). According to Uniform Summary Process Rule 2(c), the hearing date is the second Thursday after the entry date. In some courts, the hearing date is the second Monday, third Tuesday, third Wednesday, or second Friday.

Amended effective: 09/01/05

Retained Realty, Inc. – Bourke and Hayward

## ACCOUNT OF USE AND OCCUPANCY DUE

Use and occupancy based on fair rental value of $3000 per month ($100 per day), for period from April 1, 2011 through February 28, 2013.

TOTAL:       $ 69,000





## JAMIE RANNEY PC

4 THIRTY ACRES LANE
NANTUCKET, MA 02554
508.228.9224 (PHONE) / 508.815.1318 (EFAX)
JAMIE@NANTUCKETLAW.PRO

March 25, 2013

**VIA HAND DELIVERY**
Matthew R. Quinn, Acting Clerk Magistrate
Nantucket District Court
16 Broad Street
Nantucket, MA 02554

RE:    **Retained Realty, Inc., N.A. v. Doneyn Bourke, et al**
       **Nantucket District Court Docket No. 1388-SU-00_____**

Dear Mr. Quinn:

With regard to the above-referenced matter, enclosed please find:

1.)    Defendants' Answer, Defenses and Request(s) for Jury Trial and for Discovery;

Please record and file.

This matter is on for hearing on **Monday, April 1, 2013**. Pursuant to Rule 7 of the Uniform Rules of Summary Process, the discovery requests move the matter two (2) weeks to **Monday April 15, 2013 at 10:00 AM.**

Should you have any other questions, please do not hesitate to contact me.

Sincerely,

Jamie Ranney, Esq.
JTR/ats
Enc.
Cc:    File; client; Stephen Hayes, Esq.

1

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF THE TRIAL COURT**

Nantucket, SS                                                Nantucket District Court
                                                            Docket No. 1388-SU-_____

| | |
|---|---|
| Retained Realty, Inc. | ) |
|     Plaintiff | ) |
| v. | ) |
| | ) |
| Doneyn Bourke and William Hayward, Sr. | ) |
|     Defendants | ) |
| | ) |

**DEFENDANTS' SUMMARY PROCESS ANSWER, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIMS, REQUEST FOR DISCOVERY and JURY TRIAL DEMAND**

**Current Hearing Date:**                          **April 1, 2013**
**New Hearing Date (after discovery request):**    **April 15, 2013 or as soon**
                                                   **thereafter as is convenient for the**
                                                   **Court**

NOW COMES the Defendants, by and through counsel and pursuant to the Mass. R. Civ.

P. and the Uniform Rules of Summary Process, files their Answer, Affirmative Defenses,

Counterclaims, Discovery Request(s) and Jury Trial Demand.  Defendants further

answers the allegations in Plaintiff's Complaint as follows:

<u>ANSWER</u>

    1.) Defendants generally deny the allegations in Plaintiff's Complaint.

WHEREFORE Defendants requests this Honorable Court:

    1.) DENY the relief requested in Plaintiff's Complaint;

    2.) DISMISS Plaintiff's Complaint with prejudice;

    3.) AWARD Defendants their attorney's fees and costs;

    4.) AWARD Defendants any such other and further relief as the Court deems meet

        and just.

1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint in each and every count thereof, fails to state a claim upon which relief may be granted and Plaintiff's complaint must be dismissed pursuant to Mass. R. Civ. P. Rule 12b(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their own breach(es) of contract and/or lack of standing and/or violation(s) of law.

### THIRD AFFIRMATIVE DEFENSE

Defendants state that the Plaintiff, by their conduct and actions, or the conduct and actions of any of their predecessor(s) in interest, agent(s), employee(s), loan servicer(s), subcontractor(s) and attorney(s) has/have waived any and all rights they may have or have ever had against the Defendants and/or is/are subject to laches and unclean hands and, therefore, the Plaintiff cannot recover in this action.

### FOURTH AFFIRMATIVE DEFENSE

Defendants state that to the extent that they had any obligations to the Plaintiff such obligations have been fully, completely and properly performed in every respect.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is precluded from recovery due to the Plaintiff's own fraud and misrepresentation or the fraud and misrepresentations of Plaintiff's predecessor(s) in interest, agent(s), employee(s), loan servicer(s), subcontractor(s) and attorney(s).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not advanced in good faith, are not legally supportable, are frivolous, insubstantial and designed solely to harass, intimidate, or frustrate Defendants and therefore Plaintiff's claims should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by insufficiency of service of process.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff or Plaintiff's predecessors in interest, lacked standing to foreclose under any non-judicial power of sale in any mortgage under G.L. c. 244, s. 14 or otherwise violated or failed to strictly comply with various provisions of Massachusetts law regarding foreclosure(s) including but not limited to G.L. c. 244, s. 1-15; G.L. c. 244, s. 35A, 35B or 35C, G.L. c. 244, s. 17B, G.L. c. 183, s. 27 all as may be applicable to this matter, and therefore any foreclosure purportedly conducted was unlawful, legally ineffective, invalid and void; any assignment or transfer of Defendants' note and mortgage was legally ineffective, invalid and void, Plaintiff does not have lawful, superior title to Defendants' property, Plaintiff lacks standing to pursue a summary process action and Plaintiff's claims must be dismissed pursuant to Mass. R. Civ. P. Rule 12(b)(1) and/or 12(b)(6).

## NINTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff has no standing to bring this summary process action against Defendants and such information was readily available to Plaintiff and its agent(s), predecessor(s) in interest, employee(s), loan servicer(s), subcontractor(s) and attorney(s) before filing this action, Plaintiff's pleading(s) fail to comply with the requirements of

3

Mass. R. Civ. P. Rule 11 and Plaintiff and its attorney(s) should be sanctioned and fined

by the Court for filing pleadings without an objective good faith belief in their veracity.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants deny the lawful signing authority of each and every person that appears on

any document of or related to the sale, assignment and/or transfer of Defendants' note

and mortgage, if any.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants deny that any affidavit executed in connection with Defendants' mortgage

loan, including, but not limited to any mortgagee's affidavit, or any other affidavit

pursuant to G.L. c. 244, s. 15, is or was lawfully, truthfully or appropriately executed by

any person with personal knowledge of the facts alleged therein because, at minimum,

any such person had no personal knowledge of the facts and circumstances of any

purported default, of any notice(s) purportedly sent to Defendants, did not appear at any

foreclosure sale at the premises, failed to allege what purported breach of the underlying

mortgage took place to result in a default or that the terms and conditions of the mortgage

with respect to a default had been complied with, did not lawfully exercise any power of

sale, did not did not personally order, perform or oversee any of the matters alleged to

have been performed in any such affidavit, or as otherwise may be shown at any trial on

this matter.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants deny that any document related to the sale, assignment and/or transfer of Defendants' mortgage loan, if any, – or the foreclosure thereon - including but not limited to any Certificate of Entry, was validly and lawfully executed before a notary public as required by G.L. c. 183, s. 30 or otherwise by someone with the lawful authority to execute any such document(s).

## FOURTEETH AFFIRMATIVE DEFENSE

Defendants' loan was rescinded by notice under G.L. c. 140D, s. 10 to Plaintiff's predecessor(s) in interest on or about January 22, 2011.  No valid or lawful or lawful response was ever provided to this rescission demand and thus the Defendnats' loan was rescinded as a matter of law and any security interest under the mortgage was voided. Since the mortgage was void, no foreclosure under any purported power of sale could or did take place and therefore Plaintiff bought nothing at any foreclosure sale since such sale was unlawful and invalid.

Defendants reserve the right to amend their Affirmative Defenses as information becomes available.

## DEFENDANTS REQUEST A TRIAL BY JURY ON ALL MATTERS SO TRIABLE

WHEREFORE Defendants pray this Honorable Court grant the relief requested herein including dismissal of Plaintiff's complaint, award Defendants their attorney's fees and costs in defending this action while granting any such other and further relief as the Court deems meet and just.

5

DATED:      March 25, 2013
            Nantucket, MA

            Defendants
            By their attorney

            _____
            Jamie Ranney, Esq. BBO#643379
            Jamie Ranney, PC
            4 Thirty Acres Lane
            Nantucket, MA 02554
            508.228.9224 (tel.)
            508.815-1318 (efax)
            jamie@nantucketlaw.pro

## CERTIFICATE OF SERVICE

I, Jamie Ranney, Esq., hereby certify that I served a true copy of the Defendants' Answer
Affirmative Defenses and Counterclaims was served on all parties of record this 25th day
of March, 2013 by FED EX.

_____
Jamie Ranney, Esq.

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF THE TRIAL COURT

**Nantucket, SS**                                    **Nantucket District Court**
                                                     **Docket No. 1388-SU-_____**

---

Retained Realty, Inc.                              )
      Plaintiff                               )
v.                                                 )
                                                   )
Doneyn Bourke and William Hayward, Sr.             )
      Defendants                              )
                                                   )

---

### DEFENDANT'S REQUEST FOR DISCOVERY

**Current Hearing Date:**                          **April 1, 2013**
**New Hearing Date (after discovery request):**    **April 15, 2013 or as soon**
                                                   **thereafter as is convenient for the**
                                                   **Court**

NOW COMES Defendants herein and by and through counsel and pursuant to Mass. R. Civ. P and makes request for Plaintiff's Answers to Interrogatories, Request for Production of Documents and Requests for Answers to Admissions under oath pursuant to the requirements of Rule 7 of the Uniform Rules of Summary Process and pursuant to the Mass. R. Civ. P.

### REQUEST FOR ANSWERS TO INTERROGATORIES

### I.        INSTRUCTIONS

1.        The discovery requested herein, unless otherwise specified (as, for example, by use of the word "ever" or the phrase "at any time" and without regard to the tenses used in any interrogatory or request), requests information for the period referred to in the Plaintiff's complaint to the present.  To the extent that any answer varies with respect to

any part of that period, a separate answer is requested for each such part, with the pertinent dates indicated.

2.      These Interrogatories require supplemental or amended answers to the extent required by Mass. R. Civ. P. 26(e).  These Interrogatories shall be deemed continuing, so as to require additional answers if you obtain further information between the time answers are served and the time of trial of this action.

## II.      **DEFINITIONS**

"Defendants" means the Defendants listed herein and/or any other person(s) acting on their behalf, unless specifically noted.

"Plaintiff" means Retained Realty, Inc. ("RR") or any of its agents, affiliates, purported predecessor(s) in interest including but not limited to any assignors, subsidiaries, employees or attorneys.

"Emigrant" or the "Emigrant Mortgage" means Emigrant Mortgage Company, Inc., and/or the mortgagee under a mortgage recorded in the Nantucket Registry District for the Land Court as Document No. 123757.

"You", "Your", and "Yourself" means the party to whom the Interrogatories are directed, the person answering these Interrogatories on his/her/their behalf, and any present or former party in interest, employee, agent, servant, representative or other person acting for or on behalf of said party.

The "Property" or the "Premises" shall mean the premises at 6 Arkansas Ave., Nantucket, MA

"Identify", "Identity" or "Identification" means when used in reference to a natural person – his/her:

   a.   full name;

   b.   present or last known residential address;

   c.   present or last known business address;

   d.   position, business affiliation and job description at the time in question, with respect to the Interrogatory involved; and
   e.   if applicable, his/her "business" name or d/b/a and the geographic area in which he/she does business under that name.

"Identify", "Identity" or "Identification" means when used in reference to a

document:

       a.  a  full description of the document's contents;

       b.  the date on which the document was sent or received;

       c.  who sent or received the document;

       d.  where the document is;

"Document" means the original (or, if the information called for cannot be provided or referred to as the original, then each and every non-identical copy thereof) of any writing, graphic matter, or other medium upon which intelligence or information can be recorded or retrieved, of correspondence (as defined immediately below), notes, interoffice and intraoffice communications, circulars, announcements, directories, declarations, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work papers, records, instructions, specifications, notebooks, scrapbooks, diaries, minutes, minutes of meetings, calendars, schedules, projections, plans, drawings, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts, and the like, motion pictures, recordings, and any other retrievable data whether encoded, taped, punched or coded, electrostatically, on computer or otherwise, in the possession, custody or control of the Defendant or known to Defendant wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, or otherwise) and whether a draft of a final version.

"Correspondence" means any letter, telegram, TWX, notice, message, memorandum, or other written communication or transcription or notes of a communication.

"Report" means any study, analysis, appraisal, survey, poll, memorandum, statistical and financial compilation, review, forecast or other type of written or printed compilation of information whether submitted to anyone or note.

"Agreement" means any express or implied, written or oral, formal or informal contract, agreement, arrangement, or understanding of any kind, including any schedule, addendum, exhibit or amendment incorporated therein by reference and any amendment thereto or modification thereof.

Words used in the singular shall, where the context permits, be deemed to include the plural, the words used in the plural shall, where the context permits, be deemed to include the feminine and neuter gender.

"Assignment" shall refer to any assignment of any interests in the Emigrant mortgage whether recorded or unrecorded on the public land records.

"Factual Basis" means each and every fact now known to you, your agents, or your attorneys, or as to which you, your agents or your attorneys now have information, whether or not first-hand, which supports the allegations or contention in question, directly and indirectly, together with the nature or substance of all evidence which is or may be relevant with regard to each such fact, regardless of whether such evidence tends to make the existence of such fact more probable or less probable than it would be without such evidence, the identity of each and every document and communication which is relevant to such fact, or which in any way does or did relate to such fact, or upon which you rely, in whole or in part, and the identify of each and every person having any knowledge or information of or with respect to each such fact or on whose testimony you will or may rely in whole or in part.

"Relevant Time Period" means from the date of loan origination of the loan in the instant case to present.  Note that all requests hereunder should be considered to be during the Relevant Time Period.

"Note" or "Notes" means promissory note or notes evidencing any debt obligation of or related to the Emigrant Mortgage.

"Mortgage" means the security instrument securing a debt obligation evidenced by a note.  When referencing Defendants' mortgage, it shall be listed as "Emigrant Mortgage", "the mortgage" or "Defendants' Mortgage" as the case may be under the definition(s) contained herein.

"Defendants' mortgage loan" means the note and mortgage executed by one or both Defendant(s) to Emigrant.

"Document Custodian" means the person, person(s), entity or entity(s) responsible for storing, archiving and producing, upon request, any and all original documents saved, tracked and/or maintained with respect to and/or related to Defendants mortgage loan.

The "foreclosure deed" refers to the "Massachusetts Foreclosure Deed by Corporation" dated July 12, 2011 and recorded as Document No. 139303 in the Nantucket Registry District for the Land Court.

The "Certificate of Entry" refers to the document entitled "Certificate of Entry" dated March 21, 2011 and recorded as Document No, 139302 at the Nantucket Registry District for the Land Court.

## FIRST REQUEST FOR ANSWERS TO INTERROGATORIES

1.)     Please state the full name, address, occupation and/or position of the person answering these interrogatories.

2.)     Please identify and describe in detail each and every document on which you intend to rely on or submit into evidence in order to support your claim of lawful ownership of the premises.

3.)     Please identify and describe in detail each and every sale, assignment and/or transfer of Defendants' mortgage loan, if any, or any interests therein – from the date of loan origination to present - whether recorded on the public land records or not, and identify and describe each and every document evidencing any such sale(s), assignment(s) and/or transfer(s).

4.)     Please state the name, address, phone number and relationship to Plaintiff of any person(s) and/or entities who had any involvement in the purchase, sale, assignment and/or transfer of Defendants' mortgage loan, or any interest(s) therein, if any, and/or who has any knowledge of any facts, without limitation, related to Plaintiff's claim to have lawfully purchased the premises and to have standing to have commenced summary process eviction of Defendants from the premises.

5.)     With respect to the following parties whose names appear on various documents related to the foreclosure of Defendants' mortgage loan:

Milagros Rivera-Perez
Maryann Monteserrato
Kathryn Kiernan
Joshua D. Field
Dalton T. Frazier

Please identify and describe:

a.)     their address and phone number;
b.)     the name, address and phone number of their employer(s) during the relevant time period;

c.)     what position(s), if any, they holds or held during the relevant time period with Plaintiff and/or any of Plaintiff's affiliates, attorneys, agents, subcontractors, predecessor(s) in interest, subsidiaries or with Emigrant;

d.)     each and every other position of corporate authority they has, have or had in any corporation or entity without limitation during the relevant time period – other than with Plaintiff - along with:

      i.)     the title of the position(s);

      ii.)     the date on which they were appointed to any such position(s);

      iii.)     identify all documents evidencing their lawful appointment to any position(s) of corporate authority;

      iv.)     whether they were employees of any such corporation or entity in which they held a position;

      v.)     what compensation, if any, they received for any such position(s);

      vi.)     what services they performed for Plaintiff or any other party, including but not limited to Emigrant, with respect to the assignment of Defendants' note and mortgage and/or any foreclosure proceedings or process conducted on the property.

6.)     Please identify all consideration paid under the foreclosure deed dated July 12, 2011 and identify in detail all documents evidencing the payment of such consideration.

7.)     Please identify each and every date on which Defendants' promissory note or any partial beneficial interest therein was sold to Plaintiff or any other party identified herein and identify by name, address and phone number the seller(s) of the note or any partial beneficial interest therein and state whether, when Defendants' note, or a partial interest therein was sold, assigned or transferred, whether Defendants' mortgage was sold, assigned or transferred therewith.

8.)     Please identify the full amount of consideration paid by Plaintiff or any other party for each and every sale of Defendants' promissory note or any partial beneficial interest therein and the date on which said consideration was paid.

9.)     Please state and provide a detailed accounting of the full amount of consideration paid for Defendants' mortgage loan and identify in detail any and all documents and/or evidence substantiating any such consideration.

10.)     Please state the date on which you or any other party provided an accounting to Defendants pursuant to M.G.L. c. 183, s. 27.

11.)     Please identify any and all documents describing and evidencing the

signing authority of each and every person who executed any document purporting to sell, assign and/or transfer Defendants' mortgage loan from origination to present, including any foreclosure deed or affidavit(s) thereto, upon which Plaintiff intends to rely to prove that it Defendants' loan was lawfully foreclosed upon.

12.)   Please identify by name, address and phone number any and all witnesses that Plaintiff intends to call at trial on this matter.

13.)   Please state all facts in support of the allegation that prior to July 12, 2011, Emigrant held a mortgage on the premises and also owned the corresponding note.

14.)   Please state all facts in support of the allegation(s) that any scheduled foreclosure sale was lawfully and publicly postponed.

15.)   Please state all facts in support of Plaintiff's compliance with the requirements of G.L. c. 244, s. 35A, 35B and 35C all as may be applicable to the purported foreclosure of Defendants' mortgage loan.

16.)   Please state all facts showing compliance with Paragraph 22 of the Emigrant Mortgage.

17.)   Please state all facts in support of the allegations made in the Affidavit executed by Milagros Rivera-Perez and/or Maryann Monteserrato on July 12, 2011 and recorded with the Nantucket Registry District for the Land Court as Document No. 139303.

18.)   Please identify the purported "licensed auctioneer" and further identify and describe:

a.)   his physical address and phone number;
b.)   the name, address and phone number of his employer during the relevant time period;
c.)   what position, if any, he holds or held during the relevant time period with Plaintiff and/or any of Plaintiff's affiliates, attorney's, agents, subcontractors, predecessor(s) in interest, subsidiaries or with Emigrant;
d.)   each and every position of corporate authority he has or had in any corporation or entity without limitation during the relevant time period – other than with Plaintiff – along with:

  i.)   the title of the position(s);
  ii.)   the date on which he was appointed to any such position(s);

        identify all documents evidencing his lawful appointment to any
        position(s) of corporate authority;

iii.)    whether he was an employee of any such corporation or entity in which he
        held a position;

iv.)    what compensation, if any, he received for performing work for any such
        position(s);

v.)    what services he performed for Plaintiff or any other party with respect to
        the assignment of Defendant's mortgage and/or the foreclosure procedure
        or process conducted on the property;

vi.)    complete and detailed information about any licensing he maintains with
        the Commonwealth of Massachusetts.

## DEFENDANTS RESERVE THE RIGHT TO REQUEST FURTHER REQUESTS FOR ANSWERS TO INTERROGATORIES

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.)    Please produce a copy of each and every document you intend to enter into evidence in any trial in this matter.

2.)    Please produce for inspection at any Court hearing the original note that Plaintiff relies upon as evidence of lawful ownership of Defendants' debt obligation at the time the purported foreclosure sale was conducted.

3.)    Please produce executed copies of each and every document in your possession, custody or control related in any way to the ownership interests in Defendants' mortgage loan prior to any purported foreclosure either a.) at the time the foreclosure was advertised, or b.) on the date the foreclosure sale was purportedly conducted on the premises.

4.)    Please produce executed copies of all documents related in any way to the sale, assignment or transfer of Defendants' note and mortgage, if any, and any other agreement or document establishing a compete and unbroken chain of title from the loan originator to the Plaintiff during the relevant time period.

5.)    Please produce an executed copy of each and every document in your possession, custody and control related in any way to any agreement that you claim that Defendants are subject to.

6.)    Please produce executed copies of each and every document in your possession, custody and control related in any way to your claim(s) that you or any of your agents,

predecessor(s) in interest, employees, loan servicer(s) or attorneys had legal standing to foreclose on Defendants' mortgage.

7.)    Please produce executed copies of each and every document in your possession, custody and/or control related in any way to the purported authority of any person who signed any document related in any way to any sale, transfer and/or assignment of Defendants' mortgage or promissory note, if any, during the relevant time period.

8.)    Please produce executed copies of all documents related to your request to any agent(s), predecessor(s) in interest, employee(s), subcontractor(s), servicer(s) or other party(s) or entity(s) for the preparation and execution of any assignments of Defendants' note and mortgage.

9.)    Please produce executed copies of each and every document related in any way to establishing what, if any, consideration was paid for the purchase, sale, transfer and/or assignment of Defendants' mortgage loan.

10.)    Please produce certificates of authority for any out-of-state notary acknowledgments on each and every document upon which Plaintiff relies to prove it lawfully foreclosed on the premises.

11.)    Please produce executed copies of each and every contract, agreement or understanding that Plaintiff has or had with any other party to act by, for, or on behalf of Plaintiff in this matter including but not limited to any servicing agreement(s).

12.)    Please produce executed copies of any and all documents that evidence your instruction to any agents, employees, subcontractors, attorneys or loan servicer(s), to foreclose on Defendants' mortgage.

13.)    Please produce executed copies of each and every assignment of Defendant's note and the mortgage securing the note, if any, as well as the transfer and delivery receipts held by any Document Custodian showing the complete, unbroken chain of title to Defendant's note and mortgage from origination to foreclosure.

14.)    Please produce copies of each and every document evidencing lawful authority to any party or signer of any document(s) to lawfully act in, on or related to any matter related to Defendants' mortgage loan including but not limited to the duly-authorized lawful execution of any assignments of Defendants' note and mortgage, if any.

15.)     Please produce executed copies of each and every signed document evidencing the relationship between Plaintiff and any other party in this matter relative to the purported ownership or servicing of Defendants' mortgage loan.

16.)     Please produce copies of evidence of all electronic sale(s), assignment(s), and/or transfer(s) of Defendants' mortgage loan.

17.)     Please produce for inspection all notary logs for any notary public that purportedly notarized a signature of a person on any document on which Plaintiff relies for documents related to its title.

18.)     Please produce copies of all account servicing transaction records, ledgers, registers and similar items detailing how the Defendants' mortgage loan account has been serviced from the inception of the account to the present date, the dates of default and the amounts allegedly owned.

19.)     Please provide copies of the pre and post foreclosure documentation required by G.L. c. 244, s. 17B.

20.)     Please provide executed copies of the post-foreclosure accounting of proceeds provided to Defendants as required by G.L. c. 183, s. 27.

21.)     Please provide copies of the default/right to cure letter required by G.L. c. 244, s. 35A, 35B and/or 35C, all as may be applicable to Defendants' mortgage loan.

22.)     Please provide copies of any and all executed documentation related to the purported purchase of the premises by Plaintiff at any foreclosure sale including but not limited to any and all executed Memorandum(s) of Sale or Assignment(s) of Bid.

23.)     Please provide documentation of "Michael Harkins" being licensed as an auctioneer in the Commonwealth of Massachusetts.

24.)     Please provide copies of all correspondence sent by Defendants to Plaintiff or any of Plaintiff's agents or predecessor(s) in interest relative to Defendants' mortgage loan.

## DEFENDANTS RESERVE THE RIGHT TO REQUEST ADDITIONAL DOCUMENTS

## FIRST SET OF REQUESTS FOR ADMISSIONS
### Admit or Deny the following.

1.)     Admit that Emigrant Mortgage sold the loan after origination.

2.)     Admit that you do not possess any document from Emigrant or any other party confirming and certifying that there is a complete and unbroken chain of sale(s), transfer(s) and/or assignment(s) of Defendants' mortgage loan from the loan originator to Plaintiff.

3.)     Admit that Milagros Rivera-Perez:

    a.)     did not execute the foreclosure deed dated July 12, 2011 while physically in the presence of notary James Connor;
    b.)     at the time the foreclosure deed was executed she had no personal knowledge of any of the facts stated in the foreclosure deed or the affidavit dated July 12, 2011 recorded as Document No. 139303 at the Nantucket Registry for the Land Court;
    c.)     her signature was not witnessed by anyone.

4.)     Admit that Maryann Monteserrato:

    a.) did not execute the foreclosure deed dated July 12, 2011 while physically in the presence of notary James Connor;
    b.) at the time the foreclosure deed was executed she had no personal knowledge of any of the facts stated in the foreclosure deed or the affidavit dated July 12, 2011 recorded as Document No. 139303 at the Nantucket Registry for the Land Court;
    c.) her signature was not witnessed by anyone.

5.)     Admit that Milagros Rivera-Perez had no personal knowledge of compliance with G.L. c. 244, s. 35A with respect to Defendants' mortgage loan.

6.)     Admit that Maryann Monteserrato had no personal knowledge of compliance with G.L. c. 244, s. 35A with respect to Defendants' mortgage loan.

7.)     Admit that no accounting of the proceeds or deficiency from the sale of Defendants property has ever been provided to Defendants pursuant to G.L. c. 183, s. 27.

8.)     Admit that neither Plaintiff nor any of their agents, predecessor(s) in interest, employees, loan servicer(s), attorneys or subcontractors ever executed a post-foreclosure sale affidavit with respect to the foreclosure of Defendants' property in accordance with M.G.L. c. 244, s. 17B.

9.)     Admit that Milagros Rivera-Perez:

    a.) did not personally attend the foreclosure sale of Defendants' property;
    b.) never personally communicated in any way with the Inquirer & Mirror newspaper relative to the sale of Defendants' property;

c.) never personally communicated in any way with the auctioneer Michael Harkins or anyone associated therewith relative to the sale of Defendants' property;

d.) never personally ordered any notices to be sent to Defendants pursuant to G.L. c. 244, s. 14;

e.) never personally ordered any notices to be sent to Defendants pursuant to G.L. c. 244, s. 35A;

f.) never personally reviewed any records of Emigrant related to Defendants' loan account before any foreclosure was advertised for Defendants' property;

g.) never personally reviewed any records relative to Defendants' loan account to determine whether Defendants' loan was in default or that any default was properly accounted for;

h.) never personally ordered the publication of any foreclosure advertisements of Defendants' property in the Inquirer & Mirror;

i.) never reviewed any of the terms of the Emigrant Mortgage prior to executing the affidavit dated July 12, 2011 recorded as Document No. 139303 at the Nantucket Registry for the Land Court.

10.) Admit that Maryann Monteserrato:

a.) did not personally attend the foreclosure sale of Defendants' property;

b.) never personally communicated in any way with the Inquirer & Mirror newspaper relative to the sale of Defendants' property;

c.) never personally communicated in any way with the auctioneer Michael Harkins or anyone associated therewith relative to the sale of Defendants' property;

d.) never personally ordered any notices to be sent to Defendants pursuant to G.L. c. 244, s. 14;

e.) never personally ordered any notices to be sent to Defendants pursuant to G.L. c. 244, s. 35A;

f.) never personally reviewed any records of Emigrant related to Defendants' loan account before any foreclosure was advertised for Defendants' property;

g.) never personally reviewed any records relative to Defendants' loan account to determine whether Defendants' loan was in default or that any default was properly accounted for;

h.) never personally ordered the publication of any foreclosure advertisements of Defendants' property in the Inquirer & Mirror;

i.) never reviewed any of the terms of the Emigrant Mortgage prior to executing the affidavit dated July 12, 2011 recorded as Document No. 139303 at the Nantucket Registry for the Land Court.

11.) Admit that no consideration was given under the foreclosure deed.

12.) Admit that the affidavit appearing at Document No. 139303 at the Nantucket Registry District for the Land Court is not signed by Milagros Rivera-Perez or Maryann Monteserrato under the pains and penalties of perjury.

## Special Interrogatory To Requests For Admission

If the Plaintiff responds to any of these Requests for Admission with anything other than an unqualified admission, then Defendants demand that the Plaintiff answer the following special interrogatory and special Request for Production for each such Request for Admission to which an qualified response was made:

1.)     If Plaintiff has answered any of the foregoing Requests for Admission with anything other than ADMIT or DENY, then as to each such response, provide the following:

        a.) Identify each and every fact upon which Plaintiff relies to support their response.

        b.) Identify each and every document upon which Plaintiff relies to support their response and attach copies of such documents.

## Special Request For Production

1.)     Attach a copy of any document described in the special interrogatory upon which Plaintiff relied to prepare their answers to the foregoing Requests for Admission.

## DEFENDANTS RESERVE THE RIGHT TO REQUEST FURTHER REQUESTS FOR ADMISSIONS

DATED:      March 25, 2013
            Nantucket, MA 02554


Defendants
By their attorney

_____
Jamie Ranney, Esq. BBO#643379
Jamie Ranney, PC
4 Thirty Acres Lane
Nantucket, MA 02554
508.228.9224 (tel.)
508.815.1318 (efax)
jamie@nantucketlaw.pro

## CERTIFICATE OF SERVICE

I, Jamie Ranney, Esq., hereby certify that I served a true copy of the Defendants'
Discovery Requests was served on all parties of record this 25th day of March, 2013 by
FED EX.

_____
Jamie Ranney, Esq.